IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEADER ONE FINANCIAL
CORP.,

                Plaintiff,

v.                                      Case No.      06-2244-CM

AQUA RESOURCE GROUP, INC.
and MARK NICHOLS,

                Defendants.

## **ORDER**

This matter comes before the court upon plaintiff's Motion to Compel Initial Disclosures (Doc. 13). Specifically, plaintiff seeks an order compelling defendants Aqua Resource Group and Mark Nichols's "to provide initial disclosures as required by the court's scheduling order and Fed. R. Civ. P. 26, for its attorney fees incurred in filing this motion, and for any additional relief the court deems appropriate."

No responses have been filed in opposition to plaintiffs' motion, and the time for the filing of any such responses has expired.

D. Kan. Rule 7.4 provides in relevant part: "The failure to file a brief or response within the time specified within Rule 6.1[(d)][1] shall constitute a waiver of the right thereafter to file such a brief or response . . . . If a respondent fails to file a response within the time required . . . , the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Because no response has been filed in opposition to plaintiff's

---

[1] Rule 6.1(d)(1) provides that "[r]esponses to nondispositive motions . . . shall be filed and served within 14 days."

motion, the court finds that it should treated as uncontested.

**Discussion**

    **1.    Certification**

As an initial matter, the court considers whether plaintiff has satisfied the good faith certification requirement. Fed. R. Civ. P. 37(a)(2)(B) requires that a motion seeking an order to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure."[2] In addition, D. Kan. R. 37.2 states that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."[3] Failure to confer or failing to attempt to confer may result in unnecessary motions. "When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[4]

The court finds that plaintiff has satisfied its certification requirement. Plaintiff's counsel states that they have taken steps to reach defendant by phone and by mail and have discussed defendants' initial disclosures. As a result, the court finds that plaintiff has satisfied the certification requirement.

    **2.    Initial Disclosures**

---

[2] Fed. R. Civ. P. 37(a)(2)(B).

[3] D. Kan. R. 37.2. "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." *Id*.

[4] *Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 302 (D. Kan. 1996).

The Scheduling Order in this case (Doc. 8) ordered that all initial disclosures be exchanged on or before September 29, 2006.  Additionally, Fed. R. Civ. P. 37(a)(2) states, "If a party failed to make a disclosure required by Rule 26(a), any other party may move to compel disclosures and for appropriate sanctions."

The Scheduling Order in this case (Doc. 8) required that the parties provide their Rule 26(a)(1) disclosures on or before September 29, 2006.  Plaintiff filed its Motion to Compel on October 30, 2006 and contended that it had not received defendants' Rule 26(a) initial disclosures.  Furthermore, defendants have failed to file a response in opposition to plaintiff's motion, thereby failing to offer any substantial justification for why such disclosures have not been provided to plaintiff.   While defendants have filed a separate Motion to Dismiss in this case (Doc. 10) it is the court's view that filing a motion to dismiss does not relieve the parties of the duty to provide the requisite Rule 26(a)(1) disclosures.

With this in mind, the court is satisfied that the information at issue is properly discoverable and should be provided to plaintiff.

**3.     Sanctions**

Plaintiff, in addition to seeking defendants' initial disclosures, moves for "its attorney fees incurred in filing this motion, and for any additional relief the court deems appropriate." Fed. R. Civ. P. 37 specifically allows for the award of reasonable expenses, including attorney's fees, caused by a party's failure to make initial disclosures.  Specifically, Rule 37(c)(1) provides:

> A party that without substantial justification fails to disclosure information required by Rule 26(a) or 26(e)(1)...is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this

> sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

The Scheduling Order in this case is clear that all Rule 26(a)(1) initial disclosures were to be provided on or before September 29, 2006. To date, defendants have failed to provide their initial disclosures to plaintiff. The court notes that this failure alone constitutes grounds for sanctions pursuant to Rule 37(c)(1). However, defendants additionally failed to file any response to plaintiff's motion accounting for this failure, instead opting to leave plaintiff's motion as uncontested under this court's local rules and thereby risking an unfavorable ruling and/or sanctions. Finally, the court notes that defendants are otherwise fully capable of participating in this case, as defendants filed their Motion to Dismiss (Doc. 10) on October, 16, 2006.

Therefore, the court finds that defendants have not only failed to disclose information required by Rule 26(a) but have also filed to provide any substantial justification for this failure. With this in mind, the court finds that sanctions may be appropriate in this case. Specifically, the court finds that an award of reasonable attorney fees may be appropriate under the circumstances. Therefore, the court will require plaintiff to submit a verified accounting of its reasonable fees and expenses associated with the filing of the instant motion. Additionally, the court shall require defendants to Show Cause to the court why defendants should not be taxed with plaintiff's reasonable attorneys' fees and expenses in filing the instant Motion to Compel as a sanction for defendants' failure to provide the required discovery.

As a final matter, the court notes that an attorney's failure to comply with the court's rules, deadlines, and orders in a case frustrates the court's goal of an orderly and efficient resolution of the matter, potentially prejudices any or all parties to the litigation, and falls far short of the mark of diligent advocacy by potentially putting the interests of the attorney's own client at risk.  These possible negative consequences should provide an attorney with adequate incentives to diligently comply with the rules of procedure, deadlines established, and orders issued in a case even without the possibility of sanctions.  However, should these incentives alone prove insufficient, defense counsel should be mindful of the strong probability of serious sanctions for any repetition of this behavior in the future.  The court strongly urges defense counsel to heed this warning and admonition as it will not be inclined to provide any additional warning before imposing whatever sanction it deems appropriate to address any such repetition.

Accordingly, the court having found that plaintiff's motion should be treated as uncontested and having found good cause that it be granted,

**IT IS THEREFORE ORDERED**:

(1) Plaintiff's Motion to Compel Initial Disclosures (Doc. 14) is hereby granted;

(2) Defendants Aqua Resource Group, Inc. and Mark Nichols shall produce *instanter* to plaintiff all initial disclosures required by Fed. R. Civ. P. 26(a)(1);

(3) Plaintiff shall submit to the court, by **November 20, 2006**, a verified accounting of the reasonable fees and expenses (by date, time, and

      category) for which he seeks recovery as a result of the instant Motion to Compel;

  (4)  Defendants' counsel shall **SHOW CAUSE** to the court, in writing, on or before **November 22, 2006,** why defendant and/or defendants and/or their counsel should not be taxed with plaintiff's reasonable attorneys' fees and expenses in filing the instant Motion to Compel as a sanction for defendants' failure to provide the required disclosures.

**IT IS SO ORDERED.**

Dated this 9th day of November, 2006, at Topeka, Kansas.

          s/ K. Gary Sebelius
          K. Gary Sebelius
          U.S. Magistrate Judge