IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEADER ONE FINANCIAL CORPORATION,

Plaintiff,

v.                                                    Case No. 06-2244-CM

AQUA RESOURCE GROUP, INC., and
MARK NICHOLS,

Defendants.

_____

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's uncontested Motion to Compel and for Sanctions (Doc. 13). The court granted plaintiff's motion, and awarded attorneys' fees associated with the filing of plaintiff's motion (Doc. 18). Additionally, in its order, the court ordered defendants to Show Cause, by November 28, 2006, why defendants or defendants' counsel should not be taxed with plaintiff's attorneys' fees. Defendants failed to respond by this deadline, in writing or otherwise. Plaintiff has now set forth an affidavit and billing records (Doc. 20) in support of its claim that it has incurred $720.00 in attorney fees for 3.6 hours of work in filing its Motion to Compel, or approximately $200.00 per hour. The court now finds these issues ripe and ready for disposition.

**Discussion**

Attorney fees are traditionally determined using the formula of a reasonable number of hours times a reasonable hourly fee.[1] "[T]he fee applicant bears the burden of...documenting

---

[1]*Kayhill v. Unified Gov't of Wyandotte County, et al.,* 197 F.R.D. 454, 459 (D. Kan. 2000) (citing *Jane L. v. Bangerter,* 61 F.3d 1505, 1509 (10th Cir. 1995)) (awarding attorneys'

the appropriate hours expended and hourly rates."[2]  However, there is not a precise rule or

formula for making these determinations.[3]   To determine a reasonable rate of compensation, the

court must "determine what lawyers of comparable skill and experience practicing in the area in

which the litigation occurs would charge for their time."[4]  Because the litigation occurred in

Kansas City, Kansas, the relevant inquiry concerns the rates that lawyers of comparable skill and

experience charge in the Kansas City area.[5]  Neither plaintiff nor defendants present evidence of

the prevailing market rates in the Kansas City area.[6]  In the absence of adequate evidence of

prevailing market rates, the court may rely on other relevant factors including its own knowledge

to establish the rate.[7]

    After reviewing the billing statement submitted by plaintiff's counsel, who, according to

court records, was admitted to the bar more than sixteen years ago, the court finds that the rates

charged by plaintiff's counsel are reasonable, based upon the court's knowledge of the prevailing

---

fees for failure to meet discovery obligations).

    [2]*Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1249-50 (10th Cir. 1998)(citations omitted);  Mares *v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

    [3]*Hensley*, 461 U.S. at 436.

    [4]*Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983) *overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).

    [5]*See id.  See also Jayhawk Invs., L.P. v. Jet USA Airlines, Inc.,* No. 98-2153-JWL, 1999 WL 974027, at *4 (D. Kan. Aug. 25, 1999).

    [6]Plaintiff submits that its counsel's charges "are reasonable," but does not offer supportive documentation for that assertion.  *See* Leader One Financial Corporation's Verified Accounting (Doc. 20-1) at 1.

    [7]*See Case*, 157 F.3d at 1257 (citing *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987)).

-2-

market rates.  The hours expended by plaintiff's counsel preparing the motion to compel, memorandum in support, and affidavit also appear reasonable.  Therefore, the court finds that plaintiff reasonably incurred $720.00 in attorney's fees as a result of defendants' sanctionable conduct.

Accordingly, the court hereby orders defendants to pay to plaintiff $720.00 in attorney fees and finds that $720.00 is a reasonable rate in light of the hours expended by plaintiff's counsel in filing the Motion to Compel.

**IT IS THEREFORE ORDERED** that plaintiff is hereby awarded $720.00 in attorney's fees, to be paid by defendants, associated with the filing of plaintiff's Motion to Compel and for Sanctions (Doc. 13).  Defendants shall pay this amount to defendants within thirty (30) days from the date of this order.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2006, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge