IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEADER ONE FINANCIAL CORPORATION,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>**AQUA RESOURCE GROUP,** )<br>**INC., and MARK E. NICHOLS,** )<br>)<br>)<br>Defendants. )<br>) | CIVIL ACTION<br><br>No. 06-2244-CM |

## MEMORANDUM AND ORDER[1]

This matter is currently before the court on defendants Aqua Resource Group, Inc., and Mark Nichols's Motion to Dismiss and Transfer Venue (Doc. 10). Defendant Aqua has filed for bankruptcy in the Central District of California. Pursuant to 11 USC § 362, this action is stayed with respect to defendant Aqua. Because the motion to transfer venue was brought solely by defendant Aqua, the court will not consider it until the stay is lifted. Only defendant Nichols's motion to dismiss for lack of personal jurisdiction and failure to state a claim are currently pending before the court.

Plaintiff Leader One Financial Corporation is a mortgage banker and broker with offices in Kansas and Missouri. Defendant Aqua is a California corporation owned and operated by defendant Nichols. Aqua sells promotional items, including cruises, for businesses to offer as sales incentives.

---

[1] The court notes that plaintiff has failed to follow this court's local rules with respect to the form of its response brief. The court directs counsel for both parties to consult all applicable rules and court guidelines in the future.

Aqua also sets up software to help businesses expand their customer base.

Sometime in 2005, Aqua contacted Leader One and offered to sell Leader One its incentive cruise program. In July 2005, Leader One and Aqua entered into a Website Software Licensing Agreement (the "WSLA"). Pursuant to the WSLA, Aqua agreed to help Leader One set up appointments with realtors and to provide incentive cruises and a website in exchange for a $26,000 initial fee and a $749 monthly maintenance fee. After 10 months of service and no results, plaintiff filed this action, alleging (1) breach of contract; (2) breach of express warranties; (3) negligence; (4) fraud; (5) negligent misrepresentation; (6) quantum meruit; and (7) alter ego.

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). To demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a prima facie showing that jurisdiction exists.[2] *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). In ascertaining the facts necessary to establish jurisdiction, the court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits. *Id*. The plaintiff, however, has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit*, 959 F.2d at 174.

---

[2] Eventually a plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d 731, 733 (10th Cir. 1984); *Wilson v. Olathe Bank*, No. 97-2458-KHV, 1998 WL 184470, at *1 (D. Kan. Mar. 2, 1998).

Whether this court has personal jurisdiction over a nonresident defendant is determined by the law of Kansas, as it represents "the law of the forum state." *Yarbrough v. Elmer Bunker & Assocs.,* 669 F.2d 614, 616 (10th Cir. 1982); *see also* Fed. R. Civ. P. 4(e). In analyzing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the court applies a two-part test. First, it determines if the defendant's conduct falls within one of the provisions of the Kansas long-arm statute, K.S.A. § 60-308. Second, it determines whether the defendant had sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due process. *See Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir. 1990).

Defendants do not dispute that the court has personal jurisdiction over defendant Aqua. But defendant Nichols argues that the court lacks personal jurisdiction over him because the complaint does not allege that he had any contact with or preformed any act in Kansas. Plaintiff argues that the court has personal jurisdiction over defendant Nichols because it has personal jurisdiction over defendant Aqua, his alter ego.

Under the "alter ego" doctrine, a nonresident defendant may be subject to personal jurisdiction even if he had no contact with the forum state. In such a case, jurisdiction over the nonresident arises when the nonresident's control over the corporation is such that the corporation is really acting as his agent. *See Cotracom Commodity Trading AG v. Seaboard Corp.*, 94 F. Supp. 2d 1189, 1195 (D. Kan. 2000) (recognizing that the alter ego doctrine may subject a parent corporation to personal jurisdiction under the Kansas long-arm statute based on the acts of its subsidiary corporation); *Wilcox v. Precision Parachute Co.*, 685 F. Supp. 821, 823 (D. Kan. 1988). For a defendant to be subject to personal jurisdiction under the alter ego doctrine, the plaintiff must make a prima facie showing "that application of Kansas law would result in 'piercing the corporate veil or imposing liability through agency principles.'" *Luc v. Krause Werk GMBH & Co.*, 289 F. Supp. 2d

-3-

1282, 1288 (D. Kan. 2003) (quoting *Jemez Agency, Inc. v. CIGNA Corp.*, 866 F. Supp 1340, 1389–49 (D.H.M. 1994)).

Under Kansas law, the alter ego doctrine imposes liability on an individual who uses a corporation merely as an instrumentality to conduct his own personal business. *Kvassay v. Murray*, 808 P.2d 896, 904 (Kan. App. 1991) (citing *Sampson v. Hunt*, 665 P.2d 743, Syl. ¶ 3 (1983)). "The liability must arise from fraud or injustice perpetrated on third parties dealing with the corporation." *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974). The "[p]ower to pierce the corporate veil is to be exercised reluctantly and cautiously." *Amoco Chems. Corp. v. Bach*, 567 P.2d 1337, 1341 (Kan. 1977).

The court starts with the presumption that the corporation and its stockholders are separate and distinct, even if there is only one stockholder. But when determining whether to disregard the corporate entity, the court must consider the following eight factors:

> (1) undercapitalization of a one-man corporation, (2) failure to observe corporate formalities, (3) nonpayment of dividends, (4) siphoning of corporate funds by the dominant stockholder, (5) nonfunctioning of other officers or directors, (6) absence of corporate records, (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders, and (8) the use of the corporate entity in promoting injustice or fraud.

*Kvassay*, 808 P.2d at 904 (quoting *Sampson*, 665 P.2d at 751); *see also State ex rel. Graeber v. Marion County Landfill, Inc.*, 76 P.3d 1000, 1017 (Kan. 2003). In this case, plaintiff alleges that defendant Nichols (1) is the sole shareholder of Aqua; (2) is in complete control of Aqua's operations; (3) and "used Aqua and several other corporations to attempt to avoid his personal liability for the fraudulent acts of Aqua and other corporations." Plaintiff has not provided information relevant to the other alter ego factors; however, plaintiff asserts that it will be able to provide more evidence to support its alter ego theory after discovery is complete. Plaintiff requests

that the court deny defendant Nichols's motion as premature and allow the parties to conduct discovery.

After reviewing the record, the court finds that discovery regarding plaintiff's alter ego theory is necessary for the court to determine whether it has personal jurisdiction over defendant Nichols. Accordingly, the court finds that defendant Nichols's motion to dismiss is premature. The court refers this case to the magistrate to schedule discovery for the limited purpose of seeking evidence on whether this court has personal jurisdiction over defendant Nichols under an alter ego theory.

**IT IS THEREFORE ORDERED** that defendant Aqua Resource Group, Inc.'s Motion to Transfer Venue is stayed pursuant to its bankruptcy.

**IT IS FURTHER ORDERED** that defendant Mark Nichols's motion to dismiss is denied without prejudice.

**IT IS FURTHER ORDERED** that this case is referred to the magistrate for discovery on the limited issue of whether this court has personal jurisdiction over defendant Nichols under an alter ego theory.

Dated this 2nd day of April 2007, at Kansas City, Kansas.

s/ Carlos Murguia

**CARLOS MURGUIA**
**United States District Judge**