## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LEADER ONE FINANCIAL
CORP.,

                              Plaintiff,

            v.                                          Case No.       06-2244-CM

AQUA RESOURCE GROUP, INC.
and MARK NICHOLS,

                        Defendants.

## **ORDER**

This matter comes before the court upon plaintiff's Motion to Compel Answers to First Interrogatories and First Requests for Production, and to Compel Compliance with November 9, 2006 Order (Doc. 24).  Specifically, plaintiff seeks an order compelling defendants Aqua Resource Group and Mark Nichols to provide answers to Leader One's First Interrogatories and First Requests for Production of Documents.  Further, plaintiff seeks an order compelling defendants to comply the court's November 9, 2006 order by providing full initial disclosures, an award of attorney fees incurred in filing the instant motion, and dismissal of the defendants' counterclaim. Defendants filed a timely response (Doc. 27), to which plaintiff replied (Doc. 28). Therefore, the issues are ripe for disposition.

The court notes that the current motion was filed December 22, 2006.[1]  At this time, there were also pending motions to dismiss for lack of proper venue and personal jurisdiction.[2]

---

[1] *See* Second Motion to Compel (Doc. 24).

[2] *See* Motion to Dismiss for Lack of Jurisdiction (Doc. 10).

Therefore, the court held the motion in abeyance pending resolution of these issues.   In an order filed April 3, 2007,[3] Judge Murguia stayed the motion to transfer venue pursuant to defendant Aqua Resource Group, Inc.'s bankruptcy.  Defendant Mark Nichols' motion to dismiss for lack of personal jurisdiction was denied without prejudice.[4]  Judge Murguia ordered further discovery on the limited issue of whether the court has personal jurisdiction over defendant Nichols.[5] Pursuant to this order, the court held a telephone status conference on April 18, 2007 to establish deadlines related to discovery regarding personal jurisdiction of defendant Nichols.[6]  Thereafter, in the amended scheduling order,[7] this court set July 9, 2007 as the deadline for any motion to dismiss for lack of personal jurisdiction.  By an unopposed motion for an extension of time, this deadline was extended to August 24, 2007.[8]  As of the date of this order, defendants have failed to file a renewed motion to dismiss for lack of personal jurisdiction.

While discovery regarding personal jurisdiction occurred, the parties also engaged in discovery regarding the underlying claims.  Plaintiff has informed the court that it now has in its possession some of the documents it had requested in the instant motion.  Because some, if not all, of the issues raised in the motion are therefore moot, and in the interest of judicial economy, the court denies the motion without prejudice.  Plaintiff is relieved of the D. Kan. Rule 37.1

--------

[3] *See* Order (Doc. 39) at p. 5.

[4] *Id.*

[5] *Id.*

[6] *See* Minute Entry (Doc. 41).

[7] *See* Amended Scheduling Order (Doc. 42) at p. 3.

[8] *See* Order (Doc. 49) at p. 2.

requirement to file any motion to compel within thirty days of the failure to respond.  Thus,

should the need arise, plaintiff is free to file another motion to compel.  The court will discuss a

new deadline for a renewed motion to compel at the telephone status conference scheduled for

October 10, 2007 at 9:30 a.m.[9]


**IT IS THEREFORE ORDERED** that plaintiff's Motion to Compel Answers to First

Interrogatories and First Requests for Production, and to Compel Compliance with November 9,

2006 Order  (Doc. 24) is hereby denied without prejudice.

**IT IS SO ORDERED.**

Dated this 13th day of September, 2007, at Topeka, Kansas.


<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge

---

[9] *See* Order Setting Telephone Status Conference (Doc. 50).